2002 WY 24

**WYOMING BOARD OF OUTFITTERS AND PROFESSIONAL GUIDES,**
Appellant (Respondent),

v.

**Reed CLARK, Appellee (Petitioner).**

No. 01–99.

Supreme Court of Wyoming.

Feb. 12, 2002.

Representing Appellant: Hoke MacMillan, Attorney General; Michael Hubbard, Deputy Attorney General; Eugene W. Jackson, Assistant Attorney General; and Angela Dougherty, Assistant Attorney General. Argument by Ms. Dougherty.

Representing Appellee: James E. Phillips of James E. Phillips, P.C., Evanston, WY. Argument by Mr. Phillips.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

LEHMAN, Chief Justice.

[¶1] Appellant, the Wyoming Board of Outfitters and Professional Guides (Board), challenges an order of the district court reversing the Board's decision to deny a 1999 guide license to appellee, Reed Clark. Upon review, we dismiss this matter as we find it to be moot.

## ISSUES

[¶2] The Board offers this statement of the issues:

I. Whether the Board was correct in denying Clark's application for a professional guide's license.

II. Whether the Board denied Clark his right to due process.

III. Whether the Board had to demonstrate that Clark breached the terms of his conditional license.

Clark states only a single issue on appeal as follows:

A. Did the district court correctly rule that the Appellant's decision to deny Appellee a professional guide's license was arbitrary, capricious, an abuse of discretion, and contrary to law.

## FACTS

[¶3] Clark has been involved in the outfitting and professional guide business in Wyoming since approximately 1984. During 1995, Clark's license to operate an outfitters business was revoked as a result of his conviction of a Lacey Act violation. Subsequently, in 1998, Clark applied for, and was conditionally granted, a professional guide license. Specifically, Clark agreed that he would only guide for Board approved outfitters and that should he be convicted of a crime within the following three-year period, he would voluntarily relinquish his guide license and waive any right to appeal or any hearing procedure.

[¶4] In October of 1998, Game Warden Duane Hyde received reports from citizens that Clark was guiding hunters into Wyoming from his residence just across the Idaho state line. Acting upon such reports, Hyde went to the area in question on October 20, 1998, and eventually made contact with Clark's group. Hyde checked the licenses of the two hunters with Clark and noted that neither hunter was wearing hunter orange as required. One of the hunters produced a hunter orange hat from his coat pocket and put it on, while the other hunter indicated that she had left a hunter orange item back on her horse. However, upon follow-up, this hunter had only a red and black plaid machinaw-type jacket. Hyde also checked Clark's guide license and found that the license had not been properly endorsed by the outfitter to whom Clark was purportedly contracted.[1] Hyde then confiscated Clark's license.

[¶5] Hyde additionally discussed the matter of Clark not having his license endorsed with Leonard Hysell, investigator for the Board. Hysell issued Clark a citation for this failure. A citation was also issued via

---

1. At the contested case hearing later held in this matter, Clark admitted through his own testimony that he was required to obtain the signature of his outfitter and brother, Dale Clark, on his license but that he failed to do so as of October 20, 1998. Clark also admitted that he had failed to obtain the signature of another outfitter, George Harold, as required concerning another license that had been issued to him by the Board.

mail to the hunter with Clark on October 20, 1998, not wearing hunter orange while hunting.

[¶ 6] On February 10, 1999, Clark applied for a 1999 guide license. After denial by the Board during its June 18, 1999 meeting, Clark then requested a hearing to challenge this determination. A contested case hearing was held on December 9, 1999, and the Board again denied Clark's application. Clark filed a petition for review in the district court, which, on April 12, 2001, entered an order reversing the Board's decision. This appeal followed.

### STANDARD OF REVIEW

[¶ 7] The standard of review for judicial review of agency action is set forth in Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2001):

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

*Board of Outfitters & Professional Guides v. Clark,* 2001 WY 78, ¶ 10, 30 P.3d 36, ¶ 10 (Wyo.2001) (citing *Dorr v. Board of Certified Public Accountants,* 2001 WY 37, ¶ 8, 21 P.3d 735, ¶ 8 (Wyo.2001)). *See also Billings v. Board of Outfitters & Guides,* 2001 WY 81, ¶ 10, 30 P.3d 557, ¶ 10 (Wyo.2001).

[¶ 8] We must also defer to an agency's findings of fact if they are supported by substantial evidence. Substantial evidence is relevant evidence that a reasonable mind can accept as adequate to support an agency's conclusion. *Wyoming Board of Outfitters v. Clark,* ¶ 24 (citing *Colorado Interstate Gas Co. v. Dep't of Rev.,* 2001 WY 34, ¶ 8, 20 P.3d 528, ¶ 8 (Wyo.2001)).

### DISCUSSION

*Mootness*

[¶ 9] We stated in the case of *Smith Keller & Associates v. Dorr,* 4 P.3d 872, 876 (Wyo.2000) (citing *Bard Ranch Co. v. Frederick,* 950 P.2d 564, 566 (Wyo.1997)):

Our general law on justiciability provides that courts should not consider issues which have become moot. *Gulf Oil Corp. v. Wyoming Oil and Gas Conservation Comm'n,* 693 P.2d 227, 233 (Wyo.1985). We do not decide cases when a decision will have no effect or pertains only to matters that might arise in the future. *McLain v. Anderson,* 933 P.2d 468, 472 (Wyo.1997). A case is moot when the determination of an issue is sought which, if provided, will have no practical effect on the existing controversy. *Id.* Therefore, if events occur during the pendency of an appeal that cause a case to become moot or make determination of the issues unnecessary, we will dismiss it. *Id.; see also Rocky Mountain Helicopters, Inc. v. Air Freight, Inc.,* 773 P.2d 911, 924–25 (Wyo. 1989).

In *Sanchez v. State,* 982 P.2d 149, 150 (Wyo. 1999), we further elaborated that a case is moot when the matter upon which a determination is sought presents no actual controversy or when a decision can have no practical effect. We have also recognized the general rule that the issue of mootness constitutes a question of law and may be properly addressed by a court *sua sponte. Cooper*

*v. Town of Pinedale,* 1 P.3d 1197, 1201 (Wyo. 2000) (citing, in part, *Fund for Animals v. Babbitt,* 89 F.3d 128, 132 (2nd Cir.1996)); *see also Northern Utilities, Inc. v. Public Service Comm'n,* 617 P.2d 1079, 1085 (Wyo. 1980).

[¶ 10] In this case, the Board asserts that it simply denied the 1999 application for licensure of Clark as a guide. Clark, in contrast, claims that the Board revoked a conditional existing license that had been issued to Clark. Indeed, as foundation for its decision, the lower court ruled in favor of the position asserted by Clark. However, we do not agree.

[¶ 11] The Board granted Clark a conditional 1998 license conditioned upon Clark's agreement that he would only guide for Board approved outfitters and that should he be convicted of a crime within the following three-year period, he would voluntarily relinquish his guide license and waive any right to appeal or hearing procedure. Hence, the granting of that 1998 license cannot be construed as the Board granting Clark a three-year conditional license.

[¶ 12] Wyo. Stat. Ann. § 23-2-414(b) (LexisNexis 2001) provides:

A license issued under this act is valid for the calendar year in which issued and shall expire on December 31 of that year unless earlier expiring pursuant to W.S. 23-2-412(b) or otherwise suspended or revoked.

As we recently enunciated in *Billings,* ¶ 24:

It is well established that:

An administrative agency is limited in authority to powers legislatively delegated. "Administrative agencies are creatures of statute and their power is dependent upon statutes, so that they must find within the statute warrant for the exercise of any authority which they claim." *Amoco Production Co. v. State Bd. of Equalization,* 12 P.3d 668, 673 (Wyo.2000) (citations omitted). "An agency is wholly without power to modify, dilute or change in any way the statutory provisions from which it

derives its authority." *Platte Development Co. v. State, Environmental Quality Council,* 966 P.2d 972, 975 (Wyo.1998). Thus administrative agencies are bound to comply with their enabling statutes. *Sears v. Romer,* 928 P.2d 745, 751 (Colo.App.1996).

[¶ 13] Accordingly, the Board is expressly limited to granting a guide license for a period of no more than a one-year period ending on December 31 of the applicable year unless it expires earlier by its limited conditions or is suspended or revoked at an earlier date. The Board is expressly prohibited from granting Clark a three-year conditional license even if it desired to do so.

[¶ 14] Moreover, this conclusion is supported by the fact that Clark made his application for a 1999 license with the Board which is the very subject of this appeal. Clearly, Clark understood that he was required to make a yearly request for a guide license from the Board but that conditions to the issuance of such license, if it were granted by the Board over a three-year period beginning in 1998, would be that he agree that he would only guide for Board approved outfitters and that should he be convicted of a crime within these years, he would voluntarily relinquish his guide license and waive any right to appeal or hearing procedure.[2]

[¶ 15] Any determination by this court relating to the bases upon which the Board denied the 1999 license is moot in that it would be wholly ineffectual and of no practical effect. Indeed, if this court were to rule that Clark should not have been denied his 1999 guide license, this determination would be completely inconsequential as the issuance of this license approximately two years after the 1999 year has ended would be of no practical value to Clark. Similarly, if this court were to uphold the Board's action in denying Clark his 1999 guide license and reverse the ruling made by the district court, such would be equally of no worth at this late date.

---

**2.** This conclusion is further supported by the case caption of this action used by the Board which clearly specifies that it involved the matter of the application of Clark for a 1999 guide license. The notice given to Clark by the Board as to the bases for its denial of the 1999 application which prompted this case is also so limited.

██ [¶ 16] However, this court by way of direction must reiterate its determination expressed recently in the case of *Board of Outfitters & Professional Guides v. Clark,* 2001 WY 78, 30 P.3d 36. We do not agree with the district court's conclusion that the Board is so hobbled by statute that it must issue a guide license so long as the applicant is 18 years old and employed by a licensed outfitter, without regard for any facts or circumstances including the applicant's history of performance under licenses issued by the Board. Upon exploration of the language contained within all the statutes pertaining to the purposes and powers of the Board with respect to issuing licenses, we emphasize that the Board is empowered to consider the applicant's past history to ensure that the applicant possesses the necessary qualifications to ensure compliance with those requirements and obligations expressed by applicable state statute and those rules and regulations properly promulgated by the Board in making its determination to grant, deny, or limit the issuance of a license.

## CONCLUSION

[¶ 17] For those reasons stated above, this matter is determined to be moot. Accordingly, this matter is dismissed.