2004 WY 121

**ULTRA RESOURCES, INC., a Wyoming corporation, Appellant (Defendant),**

v.

**McMURRY ENERGY COMPANY, a Wyoming corporation; McMurry Oil Company, a Wyoming corporation; Nerd Energy, Inc., a Wyoming corporation; and Fort Collins Consolidated Royalties, Inc., a Colorado corporation, Appellees (Plaintiffs).**

No. 03–216.

Supreme Court of Wyoming.

Oct. 27, 2004.

Rehearing Denied Nov. 23, 2004.

Representing Appellants: T. Brooke Farnsworth and Bennett S. Bartlett of Farnsworth & vonBerg, LLP, Houston, Texas; John R. Vincent, Riverton, Wyoming. Argument by Mr. Vincent.

Representing Appellee: Mark W. Gifford, Casper, Wyoming; Phillip D. Barber, Denver, Colorado. Argument by Mr. Barber.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1]   Ultra Resources, Inc. ("Ultra") appeals a district court order confirming an arbitration award. The district court confirmed the arbitration award ruling the parties had agreed, in a settlement agreement, that the outcome of the arbitration proceeding would be binding and non-appealable. The district court also ruled that Ultra failed to prove by clear and convincing evidence the merits of its motion to vacate the arbitration award. On appeal, Ultra only argues that, on the merits, the arbitration award should have been vacated. Since Ultra does not designate as an issue on appeal the dispositive ruling of the district court that the settlement agreement precludes further judicial review, we will dismiss this appeal.

## ISSUES

[¶ 2]   Ultra presents one issue for review by this Court:

> [S]hould the trial court have vacated the arbitration award submitted to it for confirmation because the arbitration panel manifestly disregarded settled Wyoming law by writing a contract for the parties that they did not make?

McMurry Energy Company and the other appellees (hereinafter collectively referred to as "McMurry") divide Ultra's one issue into several issues:

1. Whether the appeal is moot because Appellant Ultra Resources, Inc. ("Ultra") has failed to challenge the District Court's determination that Ultra contractually waived its right to appeal the arbitration decision?

2. If Ultra's appeal here is not moot, whether the District Court correctly entered judgment and confirmed the arbitration award on the grounds that Ultra and its co-defendant Lance Oil & Gas Company ("Lance") had waived any right to appeal the ruling of the arbitration panel?

3. Whether Ultra's additional agreement not to appeal the District Court's judgment should be enforced, and this appeal dismissed?

4. Whether the District Court's judgment confirming the arbitration award and denying Ultra's application to vacate should be affirmed on the grounds that Ultra's appeals are nothing more than an attempt to relitigate the merits of the dispute that were decided by the arbitrators?

## FACTS

[¶ 3] For contextual purposes, we include the following limited factual background. Ultra and McMurry entered into a Farmout Agreement in 1996. Various disputes arose and, in 2000, McMurry sued Ultra in Wyoming district court. Ultimately, the parties, within the framework of the ongoing litigation, entered into a settlement agreement. Certain issues remained outstanding so as part of the settlement agreement the parties included a provision that required the remaining issues be resolved by binding arbitration. Ultra is not satisfied with the arbitration award and has refused to accept the award as binding. McMurry moved the district court for enforcement of the settlement agreement and confirmation of the award, while Ultra moved the district court to vacate the award. The district court determined that the parties had agreed to binding arbitration in their settlement agreement and therefore granted McMurry's motion to enforce the settlement agreement and confirm the arbitration award. The district court denied Ultra's motion to vacate the arbitration award on the grounds that Ultra had

voluntarily, contractually relinquished any right of judicial review of the award. The district court also held that Ultra had failed to adequately prove the existence of any grounds justifying the vacation of the arbitration award. Ultra has appealed the order of the district court to this Court.

[¶ 4] After Ultra filed its notice of appeal, McMurry filed with this Court a motion to dismiss the appeal. McMurry argued that Ultra, pursuant to the settlement agreement, contractually had waived its right to appeal both the award to the district court and the district court order to this Court. This Court denied the motion to dismiss without prejudice. The appeal was then briefed and argued.

## DISCUSSION

[¶ 5] The order of the district court being appealed in pertinent part states:

1. In the November 2, 2001 Mutual Release and Settlement Agreement ("Settlement Agreement") the parties in this case agreed to submit all of their unresolved disputes to binding arbitration. They stated that it was their intent that the decision of the Arbitration Panel—which was appointed by the parties—would fully and finally resolve all of the disputed claims, and that the arbitration decision would be binding upon the parties and could not be appealed. Defendants are bound by this agreement....

\* \* \* \*

3. . . . Plaintiffs and Defendants agreed in their Settlement Agreement that there would be no further proceedings in this case except for the right of a party to file a motion to enforce the arbitrator's decision. Plaintiffs' Motion for Confirmation of Arbitration Award is consistent with the Settlement Agreement, and is hereby GRANTED. The January 29, 2003 Arbitration Award is hereby confirmed and entered as a final Judgment and Order of this Court.

4. Defendants' Applications to Vacate Arbitration Award are DENIED on the grounds that Defendants have contractually waived any right to contest the arbitration award found in the Arbitrator's

January 29, 2003 Opinion. Furthermore, Defendants have failed to prove by clear and convincing evidence the grounds on which they seek to vacate the award; namely, that the arbitration award contains a manifest mistake of fact or law appearing on the face of the award. Defendants have not alleged any other grounds for challenging the award. Having committed their disputes to binding arbitration, this Court will not review the merits of the decision of the arbitrators, which is what Defendants seek.

The order reflects that the district court offered two alternative reasons for denying Ultra's motion to vacate the arbitration award. In paragraph four the district court states that it did consider the merits of Ultra's motion to vacate and determined that Ultra did not adequately prove a manifest mistake of law or fact appearing on the face of the award. The district court also grounded its ruling upon the language of the settlement agreement, finding that Ultra had agreed to binding arbitration that would fully and finally resolve all disputed claims between the parties.

[¶ 6]   Ultra's sole issue on appeal regards the merits of the denial of its motion to vacate. In its reply brief, Ultra admits that the district court held that Ultra was contractually precluded from seeking judicial review of the arbitration award. Ultra also admits that it deliberately ignored this holding in designating and arguing its issues in its opening brief: "Ultra's principal brief focused exclusively on the arbitration majority's manifest disregard of Wyoming law. Appellees correctly point out that the trial court also cited the parties' agreement not to appeal as an alternative reason for its ruling."

[¶ 7]   Rule 7.01 of the Wyoming Rules of Appellate Procedure requires an appellant to include in its opening brief a statement of the issues presented for review. W.R.A.P. 7.01(d). Rule 7.01(f), W.R.A.P., requires an appellant to present argument on every issue it is requesting this Court to review on appeal.

[I]t ought not to be difficult in the first instance to ascertain just what questions are properly before us and merit consideration. It is counsel's job to point them up, and if it is not done with preciseness and supported by cogent argument and pertinent available authority there [is] little we can do to aid counsel in their effort to rectify claimed error on the part of the trial court.

*Marion v. City of Lander,* 394 P.2d 910, 914–15 (Wyo.1964). When the jurisdiction of this Court is invoked, it is the responsibility of the appellant to specify clearly defined issues for this Court's review. "Assignments of errors control the scope of an appeal." 4 C.J.S. *Appeal and Error* § 578, at 580 (1993). "Issues that are not clearly designated in the appellant's brief are normally deemed abandoned or waived." 5 Am.Jur.2d *Appellate Review* § 544, at 245 (1995).

[¶ 8]   Ultra's opening brief does not designate as an issue or present any argument concerning the holding by the district court that Ultra is precluded from challenging the arbitration award because it had voluntarily, contractually waived the right to seek judicial review pursuant to the settlement agreement. "Under this court's long-standing precedent, this court will not frame the issues for the litigants and will not consider issues not raised by them and not supported by cogent argument and authoritative citation." *State v. Campbell County School District,* 2001 WY 90, ¶ 35, 32 P.3d 325, ¶ 35 (Wyo.2001).

[¶ 9]   Ultra, in its reply brief, presents limited argument on the merits of the district court's determination that Ultra contractually waived its right to judicially challenge the arbitration award. This is an improper argument to present in a reply brief. "A reply brief is limited to such new issues and arguments" raised by the brief of appellee. W.R.A.P. 7.03. McMurry was not raising a new issue, it was pointing out the failure by Ultra to challenge a dispositive ruling by the district court, thus making any other issue moot. McMurry's argument did not open the door for Ultra to argue the merits of an issue that was its responsibility to designate in its opening brief. The only appropriate response in the reply brief is an

explanation as to why Ultra failed to designate the district court's ruling on the settlement agreement as an issue on appeal.

■ [¶ 10] Oddly enough, in its reply brief Ultra states that it did not frame and argue the issue because this Court had denied McMurry's motion to dismiss the appeal. As stated above, however, this Court denied the motion without prejudice. In other words, we did not decide the merits of the arguments. We simply left them for full briefing. *See e.g.* Black's Law Dictionary 1437 (5th ed.1979) (when the words "without prejudice" are used in an order "it shows that the judicial act is not intended to be res judicata of the merits of the controversy"). The denial by this Court of McMurry's motion to dismiss in no way relieved Ultra of its obligation as appellant to call to the attention of this Court all alleged errors in the district court's ruling that it wishes this Court to review.

■ [¶ 11] Presenting argument in a reply brief is not equivalent to framing the issues in an opening brief. A reply brief is not a second chance to raise an issue or present argument that the appellant had the responsibility, but failed, to address in its opening brief. Generally, any issue not raised by an appellant in its opening brief is deemed waived:

> [Q]uestions not raised in the original brief are deemed waived and will not be considered when raised for the first time in the reply brief.

*Lunney v. Southern Ry. Co.,* 272 Ala. 611, 133 So.2d 247, 249 (1961).

[¶ 12] The Supreme Court of Indiana provided the following explanation for the general rule that any issue not raised by an appellant in its opening brief is deemed waived and cannot be raised in a reply brief:

> It is evident that appellant, in his original brief, has failed to comply with the rule so firmly settled by the authorities, and has left this court unaided to discover, if possible, wherein the ruling of the court which he calls in question under the first or second assignment of error is wrong. It is true that six months and over after the submission of this cause appellant, by

his attorneys, Elliott & Elliott, who apparently came into the case after the filing of the original brief, filed what we previously said was denominated "a reply brief." While this latter document professes to be a reply to the brief of appellee, it is, in fact, however, intended thereby to perform or discharge the duty which appellant omitted in his original brief; and in this brief, for the first time, an argument is advanced and authorities cited to show that the court erred in awarding judgment upon the special verdict in favor of appellee. Appellant was, under the rule, required to file his first or original brief within sixty days after the submission of the cause, and, as previously stated, it was not sufficient for him merely to assert therein, in general averments, that the ruling of the trial court was wrong, without making any effort to prove this bare assertion. Such assertions, in the absence of some argument or discussion in respect to the infirmity of the ruling of the trial court, are worthless. *Liggett v. Firestone,* 102 Ind. 514, 26 N.E. 201; *Acra v. Conforth,* 4 Ind.App. 496, 31 N.E. 212. His failure to discharge the duty required of him in the first instance until long after the filing of appellee's brief, wherein the infirmity of the original brief in this respect was urged, may well be deemed such a waiver of the errors in question as will serve to preclude him from demanding that his argument in relation thereto, in his reply brief, be considered.
>
> ... The rule which affirms that alleged errors not argued by appellant in his original brief shall be deemed waived is reasonable and necessary in order that the court and counsel for appellee may be seasonably informed of the questions to be considered and decided, and also in order that the business of the court may not be impeded or interrupted by a continued exchange of arguments upon the part of the respective counsel. Ewbank, Ind.App. Proc., § 191. It follows that appellant, having waived all questions arising out of his first and second assignments of error, and also questions relative to the alleged error of the court in admitting certain evidence, by reason of his failure to argue or discuss them in his original brief, cannot

demand that these alleged errors be considered under the argument presented in his reply brief, and, in obedience to the well settled rule mentioned, they are dismissed without consideration.

*Gates v. Baltimore & O.S.W.R. Co.*, 154 Ind. 338, 56 N.E. 722, 723–24 (1900), *overruled in part on other grounds, (Heekin Can Co. v. Porter,* 221 Ind. 69, 46 N.E.2d 486 (1943)).

[¶ 13] Since Ultra failed in its opening brief to designate or argue the issue of the propriety of the holding by the district court that it contractually waived its right to seek judicial review of the arbitration award, the holding is uncontested. "The points presented in this court on behalf of the plaintiff in error are very limited, and it is, of course, elementary that points not urged in this court are deemed to be waived." *Automobile Ins. Co. of Hartford, Conn. v. Lloyd,* 40 Wyo. 44, 49, 273 P. 681, 682 (1929). Ultra's opening brief raises no issue that would support reversal of the district court order. Ultra's issue regarding the merits of its motion to vacate the arbitration award is moot.

## CONCLUSION

[¶ 14] The district court held that Ultra was precluded from challenging the arbitration award because Ultra had contractually waived its right to judicial review of the award. Ultra has not challenged this ruling in this appeal. The order of the district court is therefore dispositive of all issues concerning the arbitration award. The issue brought by Ultra is moot, and this appeal is dismissed.