2004 WY 141

**Joe SERDA and Sonjia Serda, Appellants (Plaintiffs),**

v.

**Paula DENNIS, Appellee (Defendant).**

**No. 04–50.**

Supreme Court of Wyoming.

Nov. 16, 2004.

Representing Appellant: Ronald G. Pretty, Cheyenne, Wyoming.

Representing Appellee: Gary R. Scott of Hirst & Applegate, P.C., Cheyenne, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ.; and KAUTZ, D.J.

GOLDEN, Justice.

[¶ 1]   Following a defense verdict in a motor vehicle collision case, the Serdas appeal certain evidentiary rulings by the trial court. Finding the issues to be moot, we dismiss this appeal.

### ISSUES

[¶ 2]   The Serdas present the following issues:

1.   Can the legislature decide what evidence can be introduced into a trial[?]

2.   Did the court err by allowance of the introduction of the allegation that a witness smelled alcohol on the appellant's breath[?]

Dennis adds one further issue: "Was any err [sic] of the trial court harmless since the jury found that neither Plaintiff had been damaged as a result of the accident?"

## FACTS

[¶ 3] Joe Serda was involved in a traffic accident with Paula Dennis. Mr. Serda and his wife sued Dennis for personal injury damages, and a jury trial was held. Both Mr. Serda and Dennis blamed the other for running a red light. Dennis was issued a citation at the scene of the accident for running a red light, but she contested the citation, and the citation was dismissed. The trial court did not allow any information regarding the traffic citation issued to Dennis to be introduced at trial, possibly applying the dictates of Wyo. Stat. Ann. § 31–5–1208 as it interpreted them.[1] A tow truck driver at the scene of the accident testified at trial that he smelled alcohol on Serda's breath. After trial, the jury apportioned fault, finding Dennis was 10% at fault and Serda was 90% at fault, and determined that the Serdas suffered no damages.

## DISCUSSION

[¶ 4] In this appeal, the Serdas only challenge rulings relating to the issue of liability. Their first argument is that evidence regarding the issuance of the citation to Dennis should have been admissible. Their second argument is that evidence regarding the perceived presence of alcohol on Mr. Serda's breath should not have been admissible. The only significance of either evidentiary ruling relates to how the accident happened and the degree to which Mr. Serda or Ms. Dennis were responsible for the accident.

[¶ 5] Of more importance is what the Serdas do not challenge. They do not take issue with the jury's finding that they did not suffer any damages. The jury finding on damages is thus conclusive. *Rosics v. Heath,* 746 P.2d 1284, 1287 (Wyo.1987) ("Appellant has never challenged this aspect of the Wyoming court's findings, and therefore, we deem it conclusive."). Because the jury determined that the Serdas suffered no damages, any issue regarding liability is moot. This Court will not consider moot issues. As the United States Supreme Court succinctly

explained when faced with an appeal whose issues had become moot:

> We are of opinion that the appeal must be dismissed upon this ground [mootness], without considering any other question appearing on the record or discussed by counsel.
>
> The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.

*Mills v. Green,* 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895).

[¶ 6] The question of liability is irrelevant if there are no damages. No decision this Court might reach on the issues presented will affect the ultimate outcome of the case sub judice—zero recovery. This Court will not consider an appeal when its decision can have no practical effect. *In re SNK,* 2003 WY 141, ¶ 18, 78 P.3d 1032, ¶ 18 (Wyo.2003) (quoting *Wyoming Bd. of Outfitters & Prof'l Guides v. Clark,* 2002 WY 24, ¶ 9, 39 P.3d 1106, ¶ 9 (Wyo.2002)). "When the determination of a matter is sought which, if provided, cannot have any practical effect on the existing controversy, the case is moot," and dismissal of the appeal is the appropriate response by this Court. *McLain v. Anderson,* 933 P.2d 468, 472 (Wyo.1997). Appeal dismissed.

---

1. Title 31, Chapter 5 deals with motor vehicle regulation. Wyo. Stat. Ann. § 31–5–1208 (LexisNexis 2003) states: "No evidence of the conviction of any person for any violation of this act is admissible in any court in any civil action." There is some debate as to the actual foundation applied by the trial court for its ruling.