## IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 37

OCTOBER TERM, A.D. 2012

March 27, 2013

SARAH FERRELL,

Appellant
(Plaintiff),

v.

S-12-0174

EARL KNIGHTEN,

Appellee
(Defendant).

*Appeal from the District Court of Hot Springs County*
*The Honorable Robert E. Skar, Judge*

*Representing Appellant:*
Mary L. Scheible, Thermopolis, WY.

*Representing Appellee:*
Michael S. Messenger and James A. Michel Jr. of Messenger and Overfield, P.C., Thermopolis, WY.

*Before KITE, C.J., HILL, VOIGT, BURKE, and DAVIS, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**HILL,** Justice.

[¶1]    Appellant Sarah Ferrell challenges an order dismissing her professional negligence claim against a real estate agent who represented the sellers in Ferrell's 2001 purchase of a commercial property.  On appeal, Ferrell claims that the agent was negligent in failing to provide a property disclosure statement.  We dismiss and explain hereinafter.

## ISSUE

[¶2]    Ferrell presents one issue:

> Whether a realtor acting as seller's agent has a duty of
> care to the buyer.

## FACTS

[¶3]    On January 31, 2001, Ferrell, along with her sister and brother-in-law, offered to purchase a commercial property in Thermopolis, Wyoming.  Appellee Earl Knighten was the real estate agent who prepared the offer and represented himself as the "Broker working with the Buyer as [Seller's Agent]."  The sellers (Jerry and Nancy Slagle) accepted the offer to purchase.  Knighten was also the tenant of the building at issue.

[¶4]    On February 5, 2001, the sellers prepared a property disclosure statement in compliance with the contract requirement.  Opinions diverge about what happened next. Knighten claims that he provided the buyers with the property disclosure statement prior to closing, but Ferrell argues that she did not receive a copy of the disclosure statement until June of 2010, during litigation in a separate case.  In any event, the disclosure states: "Foundation wall on west side moist when it rains for prolonged periods."  Ferrell claims that she hired a housing inspector to examine the building prior to closing, but the inspector did not detect a moisture problem with the foundation and closing was held on April 5, 2001.

[¶5]    In 2003, Ferrell opened a health food store on the property and in 2004 she became the sole owner of the property.  Two years later, in October of 2006, Ferrell discovered three inches of water in the basement of the building.  The water had leaked through the west wall of the foundation of the building.  A resulting investigation revealed an irrigation pipe on an adjacent property had ruptured and was the source of the water leak.  Also, the investigation revealed that the west wall of the property was originally built as an interior wall shared with another building which was demolished in 1991 after a fire.  That demolition converted the interior wall of Ferrell's building into an exterior wall.

1

[¶6]    Nearly four years passed and in January of 2010 Ferrell filed suit against Fred C. Hanson Construction, the company that demolished the adjoining building. Ferrell claimed that Hanson had not properly protected and sealed the west wall of her building against moisture during the conversion, and now claims that it was during discovery in that case when she first received a copy of the property disclosure statement. However, during that case the sellers' son, Steve Slagle, executed an affidavit stating that the buyers were in fact provided a copy of the property disclosure statement and, prior to closing, they were verbally advised of the basement water issues. That case was resolved in summary judgment in favor of Hanson. The court ruled that the statute of limitations began to run on February 5, 2001, when the sellers completed the property disclosure statement.

[¶7]    In January of 2012, Ferrell filed a complaint against Knighten, alleging that he was negligent in failing to provide the property disclosure statement. A hearing was held, whereafter the district court found that Ferrell's causes of action should be dismissed with prejudice on account of the two-year statute of limitations having expired. In a final attempt to save her lawsuit Ferrell filed a motion to set aside the dismissal. A second hearing was held and Ferrell's motion was denied. In its subsequent order the district court acknowledged that Knighten had a duty to deliver the disclosure statement but nonetheless again held that dismissal was properly based upon the court's previous ruling on the statute of limitations. This appeal followed.

## DISCUSSION

[¶8]    Ferrell argues on appeal that the district court erred in ruling that Knighten had no duty to disclose or provide the property disclosure statement. She relies on Wyo. Stat. Ann. § 33-28-303(c), which provides that a seller's agent owes no duty to a buyer "except that a licensee [Agent/Knighten] shall disclose to any prospective buyer all adverse material facts actually known by the licensee." She contends that Knighten's withholding of the disclosure statement was a breach of his duty to the buyers and because of that, her claim against Fred C. Hanson Construction was not timely filed. Furthermore, she asserts that because Knighten conducted his business in the building immediately prior to her occupancy there are material issues of fact regarding what Knighten knew about the moisture problem notwithstanding the disclosure statement.

[¶9]    Knighten responds that there was no breach of duty, but regardless, the statute of limitations has run on any failure to provide the sellers' property disclosure statement to the buyers.

[¶10]   Wyo. Stat. Ann. § 33-28-303(c) (LexisNexis 2011) states as follows:

> A licensee acting as a seller's agent owes no duty or obligation to the buyer, except that a licensee shall disclose to

2

any prospective buyer all adverse material facts actually known by the licensee. The adverse material facts may include adverse material facts pertaining to the title and the physical condition of the property, any material defects in the property and any environmental hazards affecting the property which are required by law to be disclosed. The licensee acting as a seller's agent shall not perpetuate a material misrepresentation of the seller which the licensee knows or should know is false.

After reconsideration and in light of the foregoing statute, the district court acknowledged that Knighten did in fact have a duty to Ferrell. In its November 2012 Order Reconsidering Dismissal with Prejudice, the court wrote that Knighten "had a duty to [Ferrell] to deliver … Seller's Disclosure Statement." In light of the statutory language, coupled with the district court's realization, Ferrell appears to be correct that Knighten owed Ferrell a duty.

[¶11] Unfortunately for Ferrell, the duty issue is not dispositive on appeal. Instead, this case turns on the two-year statute of limitations, which Ferrell does not challenge on appeal.[1] In *Serda v. Dennis*, 2004 WY 141, ¶¶ 5-6, 100 P.3d 860, 861 (Wyo. 2004), we addressed this same issue:

> Of more importance is what the Serdas do not challenge. They do not take issue with the jury's finding that they did not suffer any damages. The jury finding on damages is thus conclusive. *Rosics v. Heath*, 746 P.2d 1284, 1287 (Wyo. 1987) ("Appellant has never challenged this aspect of the Wyoming court's findings, and therefore, we deem it conclusive."). Because the jury determined that the Serdas suffered no damages, any issue regarding liability is moot.
>
> . . . .
>
> The question of liability is irrelevant if there are no damages. No decision this Court might reach on the issues presented will affect the ultimate outcome of the case sub judice - zero recovery. This Court will not consider an appeal when its decision can have no practical effect. *In re SNK*, 2003 WY 141, ¶ 18, 78 P.3d 1032 (Wyo. 2003) (quoting

---

[1] After Knighton raised the statute of limitations as an alternative ground for affirmance in his brief, Ferrell then addressed the merits of that question in a reply brief. "Presenting argument in a reply brief is not equivalent to framing the issues in an opening brief. A reply brief is not a second chance to raise an issue or present argument that the appellant had the responsibility, but failed, to address in its opening brief." *Ultra Resources, Inc. v. McMurry Energy Co.*, 2004 WY 121, ¶ 11, 99 P.3d 959, 963 (Wyo. 2004).

*Wyoming Bd. of Outfitters & Prof'l Guides v. Clark*, 2002 WY 24, ¶9, 39 P.3d 1106 (Wyo. 2002)). "When the determination of a matter is sought which, if provided, cannot have any practical effect on the existing controversy, the case is moot," and dismissal of the appeal is the appropriate response by this Court. *McLain v. Anderson*, 933 P.2d 468, 472 (Wyo. 1997). Appeal dismissed.

[¶12] Here, the district court's independent ruling that the statute of limitations had run trumps its first erroneous ruling on the question of duty. Because the district court's statute of limitations ruling goes unchallenged, and because that ruling provides an independent ground for dismissal, Ferrell's duty claim is consequently moot. *See Serda, supra*; *see also Ultra Resources, Inc. v. McMurry Energy Co.*, 2004 WY 121, 99 P.3d 959 (Wyo. 2004).

> Since Ultra failed in its opening brief to designate or argue the issue of the propriety of the holding by the district court that it contractually waived its right to seek judicial review of the arbitration award, the holding is uncontested. "The points presented in this court on behalf of the plaintiff in error are very limited, and it is, of course, elementary that points not urged in this court are deemed to be waived."

*Id.* ¶ 13, 99 P.3d 964 (citation omitted). In accord with *Serda* and *Ultra Resources*, we dismiss this appeal due to Ferrell's failure to challenge the statute of limitations ruling.

## CONCLUSION

[¶13] Due to Ferrell's failure to challenge the statute of limitations ruling by the district court, this case is dismissed.