# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 111

**OCTOBER TERM, A.D. 2016**

**November 23, 2016**

STATE OF WYOMING, ex rel., WYOMING
DEPARTMENT OF WORKFORCE SERVICES,
WORKERS' COMPENSATION DIVISION,

Appellant
(Petitioner)

v.

CODY BEAZER,                                            S-16-0013

Appellee
(Employee)

and

HORSLEY COMPANY, LLC,

Appellee
(Respondent/Employer).

*Appeal from the District Court of Teton County*
*The Honorable Timothy C. Day, Judge*

*Representing Appellant:*
    Peter K. Michael, Attorney General; John D. Rossetti, Deputy Attorney General; Michael J. Finn, Senior Assistant Attorney General; Samantha Caselli, Assistant Attorney General. Argument by Ms. Caselli.

*Representing Appellee, Cody Beazer:*
    No appearance.

*Representing Appellee, Horsley Company, LLC:*
    William G. Hibbler, Bill G. Hibbler, PC, Cheyenne, Wyoming.



*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Chief Justice.**

[¶1]   Appellant, Wyoming Workers' Safety and Compensation Division, challenges an order from the Office of Administrative Hearings granting summary judgment to Appellee, Horsley Company, LLC, on the issue of whether the Division was entitled to recover payments made to Horsley's employee.  The Division appealed that decision and the district court affirmed.  The Division also claims the district court and the OAH erred in awarding attorney's fees to Horsley.  We affirm.

## *ISSUES*

[¶2]   The Division presents three issues, which we condense and restate as follows:

> 1. Did the hearing examiner err in concluding Horsley was entitled to summary judgment because the Division was estopped from seeking reimbursement for benefits awarded to Horsley's employee?
>
> 2. Did the hearing examiner and the district court err in awarding attorney's fees to Horsley?

Horsley raises two additional issues, which we also restate:

> 1. Is the Division's challenge to summary judgment moot because it has failed to challenge all bases for the grant of summary judgment?
>
> 2. Does this Court have jurisdiction to consider the challenge to the award of attorney's fees to Horsley by the OAH and the district court?

## *FACTS*

[¶3]   Horsley Company, LLC, is a Florida contractor that was hired to install a baggage handling system at the airport in Jackson, Wyoming.  Prior to commencing work on the project, Horsley applied for a workers' compensation account with the Workers' Safety and Compensation Division.  Horsley's application noted that it had private workers' compensation insurance for employees not residing in Wyoming.  In response to Horsley's application, the Division created a "pending" workers' compensation account and required Horsley to submit a certificate of insurance demonstrating coverage for all non-resident employees.  Horsley subsequently submitted a certificate of insurance indicating that it had a workers' compensation and employer liability insurance policy for workers residing in states outside Wyoming, including Utah.

1

[¶4]    In October, the Division sent Horsley a letter stating that it had received proof of coverage from Horsley's insurance carrier and that Horsley's pending workers' compensation account for non-resident employees had been closed: "The Wyoming Workers' Safety & Compensation Division has received Proof of Coverage from your insurance carrier stating that you have coverage for your employees while performing work in Wyoming.  Therefore, your pending account has been closed and you do not have Workers' Compensation coverage through Wyoming."  In December, the Division sent Horsley a second letter stating that "We are pleased to notify you that we accept your existing coverage for your employees coming into Wyoming from other locations."  In this letter, the Division noted that a Wyoming Workers' Compensation account had been activated to cover Wyoming resident employees.

[¶5]    In June 2010, the claimant, Cody Beazer, was injured in the course and scope of his employment with Horsley.[1]  The injury occurred while Mr. Beazer was working on the airport project in Wyoming.  Following Mr. Beazer's injury, there was confusion as to whether the claim would be handled by the Division as a Wyoming Workers' Compensation claim or by Horsley's insurance covering out-of-state employees.  On July 7, a Division employee informed Mr. Beazer that his claim was being handled by the Division.  A couple days later, a representative of Horsley's insurance company informed Horsley that she had spoken with the Division's representative and they had "figured out . . . that coverage is actually in Wyoming for this claim, under the Horsley Company.  Therefore, the claim I was handling will now be denied and the WY claim is active."  The representatives of the Division and Horsley's insurance company concluded that Mr. Beazer had established residency in Wyoming.  The record is not clear as to how this determination was made.  Apparently, it was erroneous.  It is undisputed that Mr. Beazer was not a resident of Wyoming during his employment with Horsley.   The record indicates that Mr. Beazer was, at all times relevant to this action, a resident of Utah.

[¶6]    In August 2010, the Division sent Horsley a Notice of Case Cost Liability stating that Horsley had failed to comply with the Worker's Compensation Act because it had not filed an "employee report" for the period in which Mr. Beazer's injury occurred.[2]  The notice stated that, as a result, Horsley was liable to the State for all payments made to Mr. Beazer.  The Division subsequently explained that "wages for Cody Beazer should have been reported, and a premium paid, to be in compliance with the [Act]."  In

---

[1] Mr. Beazer has not entered an appearance in this appeal.

[2] The Division's notice apparently refers to payroll reports required under Wyo. Stat. Ann. § 27-14-202(a).  That statute requires an employer to submit "a true copy of the payroll of his employees engaged in extrahazardous employment during the current calendar month or quarterly reporting period."

September, the Division sent Horsley a Case Cost Liability Billing Statement, which provided that "Under W.S. 27-14-203(a) you are liable for an amount equal to all the medical and indemnity payments made on behalf of an employee who was injured when your account was delinquent in Worker's Compensation reporting or payment or both."[3]

[¶7]    Horsley began making payments to the Division.[4]  However, it subsequently filed an objection, pursuant to Wyo. Stat. Ann. § 27-14-605(a), to all additional medical and impairment or disability payments.  That matter, which was assigned Case No. C-102, was ultimately referred to the Office of Administrative Hearings for a contested case hearing.  Horsley also filed a petition objecting to the Division's determination that it was required to reimburse the Division for payments made to Mr. Beazer under Wyo. Stat. Ann. § 27-14-203(a).  That matter was also referred to the OAH and was docketed as Case No. C-103.  The OAH subsequently consolidated the cases and stayed further action in Case C-102 until the issue of Horsley's liability under Section 203(a) was resolved.

[¶8]    Horsley subsequently moved for summary judgment in Case C-103 claiming that it had complied with the Worker's Compensation Act and was not liable under Wyo. Stat. Ann. § 27-14-203(a).  It also claimed the Division was estopped from recovering benefits paid to Mr. Beazer.  Following a hearing, the OAH granted the motion.  It determined that Horsley had complied with the Worker's Compensation Act in all respects, and was not liable for payments made to Mr. Beazer by the Division.  It also concluded the Division was estopped from recovering amounts paid to Mr. Beazer because it accepted Horsley's proof of insurance and closed Horsley's Wyoming Workers' Compensation account with respect to non-resident employees.  The Division filed a petition for review of the OAH's summary judgment in district court.  That matter was docketed as Case No. 16773.

[¶9]    On October 20, 2014, Horsley submitted a request for attorney's fees pursuant to Wyo. Stat. Ann. § 27-14-602(d), relating to its petition for modification of benefits in

---

[3] Wyo. Stat. Ann. § 27-14-203(a) provides, in relevant part, as follows:

> (a) Any employer not applying for coverage of eligible employees or, after obtaining coverage under this act, any employer failing, neglecting or refusing to make payments required by this act within thirty (30) days of the date due and against whom any injured employee is held entitled to worker's compensation benefits is liable to the state for an amount equal to all awards, both paid and reserved entered for payment to or for the employee under this act.

[4] Horsley submitted payments from August 2010 to February 2012 totaling $187,153.76.

3

Case C-102.[5]  The OAH granted the request on October 30, 2014.  In a separate order issued the same day, the OAH determined that, because Horsley had been found not to be liable for payment to the Division, its request for relief in Case C-102 was moot.  The Division sought reconsideration of the order, claiming that Horsley was not entitled to an award of attorney's fees because its request for modification of benefits did not involve "compensability of an injury" as required under Wyo. Stat. Ann. § 27-14-602(d).  The OAH denied the motion.  The Division then filed a petition for review of that Order.  It was docketed in the district court as Case No. 16884.  The district court consolidated the appeals.

[¶10]  While the Division's appeals were pending, Horsley submitted a request for attorney's fees in Case C-103.  In response, the OAH issued an order staying its decision on the motion until the pending appeals were resolved.  The request for attorney's fees in Case C-103 is not at issue in this appeal.

[¶11]  Following a hearing, the district court affirmed summary judgment and the award of attorney's fees.  The Division then filed this appeal.  Subsequently, the district court entered an order awarding costs and attorney's fees to Horsley arising from the appeal.  The Division did not file a notice of appeal of that order.

## *STANDARD OF REVIEW*

[¶12]  When we consider an appeal from a district court's review of an administrative agency's decision, we review the case as though it had come directly from the administrative agency.  *Newman v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2015 WY 14, ¶ 8, 341 P.3d 1066, 1069 (Wyo. 2015) (citing *CalCon Mut. Mortg. Corp. v. State ex rel. Wyo. Dep't of Audit*, 2014 WY 56, ¶ 6, 323 P.3d 1098, 1101 (Wyo. 2014)).  Review of an administrative agency's action is governed by the Wyoming Administrative Procedure Act, which provides that we hold unlawful and set aside agency action, findings and conclusions found to be:

> (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
>
> (B) Contrary to constitutional right, power, privilege or immunity;

---

[5] Wyo. Stat. Ann. § 27-14-602(d) provides, in pertinent part, that "In any contested case where the issue is the compensability of an injury, a prevailing employer's attorney fees shall also be paid according to the order of the hearing examiner from the worker's compensation account, not to affect the employer's experience rating."

4

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Wyo. Stat. Ann. § 16-3-114(c)(ii) (LexisNexis 2013).

[¶13] "As always, we review an agency's conclusions of law *de novo*, and [w]e will affirm an agency's legal conclusion only if it is in accordance with the law." *Dale v. S & S Builders, LLC*, 2008 WY 84, ¶ 26, 188 P.3d 554, 561–62 (Wyo. 2008) (internal quotation marks omitted). Review of administrative agency action granting summary judgment in workers' compensation cases is governed by W.R.C.P. 56(c). *Chavez v. Mem'l Hosp. of Sweetwater Cty.*, 2006 WY 82, ¶ 6, 138 P.3d 185, 188 (Wyo. 2006).

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

W.R.C.P. 56(c). "The record is reviewed ... from the vantage point most favorable to the party who opposed the motion, and this Court will give that party the benefit of all favorable inferences that may fairly be drawn from the record." *Chavez*, ¶ 6, 138 P.3d at 188.

### *DISCUSSION*

### I.  Summary Judgment

[¶14] The hearing examiner concluded summary judgment was appropriate because (1) Horsley complied with the requirements of the Worker's Compensation Act, and (2) the Division was estopped from recovering payments from Horsley:

> The Division and Employee/Claimant argue that [] the proof of coverage provided by the Employer did not comply [with the Worker's Compensation Act] as it did not identify the Employee/Claimant as a covered employee or the Employer as the insured. Aside from the undisputed fact that the Division, dealing directly with the Employer, "Horsley

Construction LLC" accepted the certificates submitted as proof of coverage, the Office notes that the Affidavit submitted by the Employer establishes that in fact coverage for the Employee/Claimant was provided. The Division and Employee/Claimant have not offered any evidence to dispute the Affidavit. Further, it is undisputed that when the work related accident happened the insurer did open a claim, the obvious inference being there was coverage.

Having found then that there are no issues of fact with regard to the Employer's compliance with Wyo. Stat. § 27-14-306, the Office further finds and concludes that the Employer is relieved from obligation to report and pay premiums to the Division as set forth in Article 2 of the Act. While that Article does not specifically state that it does not apply when a Non resident Employer has provided proof of coverage under Wyo. Stat. § 27-14-306, it does refer to premiums and reporting when there are "eligible employees or, after obtaining coverage under this act". The Employer's non-resident employees were not "eligible employees" and the Employer had not obtained coverage under the Wyoming Act for those employees. Indeed the Division closed the account with respect to those non-resident employees. Further it simply does not make sense that a non resident employer who has set up and provided coverage under another state['s] worker['s] compensation laws through another provider approved by the Division, should be required to make concurrent reports and pay additional premiums to the Division. Consequently, the Office does not find any issues of fact and finds as a matter of law that the Employer complied with the Wyoming Act by filing its proof of coverage. The Office finds and concludes that the Employer was then relieved of any responsibility to report and pay premiums to the Division and therefore its failure to do so here was not "non-compliance" with the Wyoming Act.

Aside from finding that the Employer complied with the Wyoming Act provisions to establish alternative proof of coverage, the Office also finds and concludes that in any event equitable estoppel would apply to prevent the Division from assessing case costs for failure to report and pay premiums.

6

In that respect the Office bases its decision on the Division['s] actions in advising the Employer that it had accepted the proof of coverage and closed the Employer's Wyoming account with regard to non-resident employees. It is those actions upon which the Employer relied in not reporting or paying premiums for non-resident employees.

[¶15] It is readily apparent that the hearing examiner provided two alternate, independent bases for the summary judgment order. The Division, however, does not challenge the hearing examiner's conclusion that Horsley complied with the Worker's Compensation Act. The Division limits its argument solely to the estoppel basis for the summary judgment order. The Division claims the hearing examiner applied the wrong criteria for determining whether it was estopped from recovering payments made to Mr. Beazer. The Division also asserts there were genuine issues of fact pertaining to the estoppel issue that precluded summary judgment.[6] Horsley contends that we need not resolve this issue because the Division has not challenged the other independent, alternate basis for summary judgment. We agree with Horsley.

[¶16] We encountered a similar situation in *Ultra Res., Inc. v. McMurry Energy Co.*, 2004 WY 121, 99 P.3d 959 (Wyo. 2004). In that case, the parties entered into a settlement agreement providing that issues not resolved in the agreement would be submitted to binding arbitration. *Id.*, ¶ 3, 99 P.3d at 961. The appellant, Ultra Resources, challenged the district court's order confirming an arbitration award in favor of the appellees. *Id.* The district court found that the parties had agreed to binding arbitration in their settlement agreement and granted the appellees' motion to enforce the settlement

---

[6] The Division framed the issues pertaining to summary judgment this way:

1. Equitable estoppel applies in workers' compensation cases, but a higher burden applies when the Division acts in a governmental capacity rather than a proprietary capacity. Without any findings of fact, the hearing examiner determined that the Division acted in a proprietary capacity and was estopped from seeking reimbursement from Horsley Company for the cost of benefits provided to a Horsley employee. Did the hearing examiner commit an error of law?

2. Summary judgment is appropriate when no genuine issues of material fact exist. In granting summary judgment, the hearing examiner applied the estoppel standard for agencies acting in their proprietary rather than government capacity without considering whether genuine issues of fact remained as to affirmative misconduct, rare and unusual circumstances, and public policy. Did the hearing examiner err in granting summary judgment because material facts were still at issue?

7

agreement and confirm the arbitration award.  The court denied the appellant's motion to vacate the arbitration award on the grounds that it had contractually relinquished any right of judicial review of the award.  *Id.*  The court also held that Ultra Resources had failed to prove the existence of any grounds justifying vacation of the arbitration award.  *Id.*

[¶17]  The sole issue presented by Ultra Resources on appeal challenged the district court's denial of its motion to vacate the arbitration award.  *Id.*, ¶ 6, 99 P.3d at 962.  Ultra Resources did not present any argument concerning the holding by the district court that it was precluded from challenging the arbitration award because it had contractually waived the right to seek judicial review pursuant to the settlement agreement.  *Id.*, ¶ 8, 99 P.3d at 962.  We noted that "Under this court's long-standing precedent, this court will not frame the issues for the litigants and will not consider issues not raised by them and not supported by cogent argument and authoritative citation."  *Id.* (quoting *State v. Campbell County School District*, 2001 WY 90, ¶ 35, 32 P.3d 325, 333 (Wyo. 2001)).  We also noted that "Issues that are not clearly designated in the appellant's brief are normally deemed abandoned or waived."  *Ultra Resources*, ¶ 7, 99 P.3d at 962 (quoting 5 Am.Jur.2d *Appellate Review* § 544, at 245 (1995)).  Because Ultra Resources did not contest the district court's holding that it had waived review of the arbitration award, we held that the issue regarding the merits of its motion to vacate the award was moot.  *Id.*, ¶ 13, 99 P.3d at 964.

[¶18]  In the present case, the hearing examiner determined summary judgment was appropriate because Horsley complied with the requirements of the Worker's Compensation Act, and also because the Division was estopped from recovering payments from Horsley.  The Division, however, has not raised the issue of whether the hearing examiner erred in concluding that Horsley was entitled to summary judgment as a result of its compliance with the Act.  Consistent with *Ultra Res., Inc. v. McMurry Energy Co.*, we must conclude that, because the Division has not challenged the hearing examiner's determination that Horsley was entitled to summary judgment as a result of its compliance with the Act, its challenge to the finding that the Division was estopped from seeking reimbursement for payments made to the claimant does not provide sufficient basis to overturn the award of summary judgment.  *See also AED, Inc. v. KDC Invs., LLC*, 307 P.3d 176, 181 (Idaho 2013) ("[I]f an appellant fails to contest all of the grounds upon which a district court based its grant of summary judgment, the judgment must be affirmed."); *Gambaro v. Ore. DOJ*, 270 P.3d 377, 381 (Or. Ct. App. 2012); *Republic Outdoor Adver., LC v. Utah Dep't of Transp.*, 258 P.3d 619, 630 (Utah Ct. App. 2011) (declining to consider a challenge to an alternative basis for the court's grant of summary judgment where appellant failed to adequately challenge an independent basis

8

for the court's ruling). Consequently, we will not consider this issue further.[7]

## II. Attorney's Fees

[¶19] The Division also contends the hearing examiner and the district court erred in awarding attorney's fees to Horsley. The hearing examiner awarded fees pursuant to Wyo. Stat. Ann. § 27-14-602(d), which provides: "In any contested case where the issue is the compensability of an injury, a prevailing employer's attorney fees shall also be paid according to the order of the hearing examiner from the worker's compensation account, not to affect the employer's experience rating." The district court also awarded attorney's fees to Horsley. The Division claims Horsley was not entitled to attorney's fees at the administrative level or on appeal to the district court because this litigation did not involve "compensability of an injury" under Wyo. Stat. Ann. §§ 27-14-602(d) or 27-14-615.[8]

[¶20] Horsley responds that the hearing examiner and the district court properly concluded that the "compensability of an injury" was at issue in this case under Section 602(d). It also contends, however, that we do not have jurisdiction to review the attorney fee awards. Horsley claims that neither of the orders identified in the Division's notice of appeal – the OAH's summary judgment order and the district court's order affirming summary judgment – award any attorney's fees and costs to Horsley. Horsley further

---

[7] An analysis of the estoppel issue raised by the Division would ultimately have no effect on the hearing examiner's grant of summary judgment. Such an opinion would be merely advisory. "This Court has said repeatedly that it will not issue advisory opinions." *Powder River Basin Res. Council v. Wyo. Oil & Gas Conservation Comm'n*, 2014 WY 37, ¶ 35 n.7, 320 P.3d 222, 232 n.7 (Wyo. 2014).

[8] Wyo. Stat. Ann. § 27-14-615 provides as follows:

> The district court may appoint an attorney to represent the employee during proceedings in the district court and appeal to the supreme court. The district court may allow the attorney a reasonable fee for his services at the conclusion of the proceedings in district court and the supreme court may allow for reasonable fees for services at the conclusion of the proceedings in the supreme court. In any appeal where the issue is the compensability of an injury, a prevailing employer's attorney fees shall also be paid according to the order of the district court or supreme court from the worker's compensation account, not to affect the employer's experience rating. An award of attorney's fees shall be for a reasonable number of hours and shall not exceed the benefits at issue in the appeal. In all other cases, if the employer or division prevails in the district court or supreme court, as the case may be, the fees allowed an employee's attorney shall not affect the employer's experience rating.

9

contends that, because the Division did not appeal the district court's order awarding attorney's fees, this Court lacks jurisdiction to consider whether the award was appropriate. The Division did not respond to Horsley's jurisdictional argument.

### a. OAH Attorney Fee Award

[¶21] We address, first, Horsley's claim that we do not have jurisdiction to consider the OAH's award of attorney's fees. According to Horsley, because the Division's notice of appeal did not include the OAH order awarding attorney's fees, that issue is not properly before us. We disagree. The OAH's award of attorney's fees was properly appealed to the district court. The district court affirmed that award in its order affirming summary judgment. That order was attached to the Division's notice of appeal to this Court. The Division's failure to attach the OAH order awarding attorney's fees to its notice of appeal does not deprive us of jurisdiction to review that award.

[¶22] We turn, then, to the substance of the Division's claim. Before beginning our discussion of this issue, we must reiterate that the OAH attorney fee award at issue in this appeal is the award made in Case C-102. No award has yet been made in Case C-103 and whether an award in that case would be appropriate is not before us. The Division, in contesting the attorney fee award, ignores the distinction between the two cases and focuses its argument on the issues involved in Case C-103, rather than Case C-102.

[¶23] In Case C-102, Horsley sought modification of future benefits based upon a decrease in capacity and also claimed that prior medical and benefit award payments had been made by mistake. According to the hearing examiner:

> The specific issues advanced by Horsley in C102 were: 1) [whether] benefits [were] paid by mistake, because Mr. Beazer was covered in Utah and the Division should not compensate him; 2) [whether] [a]ny injury after September 20, 2010, was not compensable because it was unrelated to any original injury; and 3) [whether] the injury was not compensable because of injurious practice.

The Division does not challenge the hearing examiner's statement of the issues in Case C-102, and does not specifically address whether any of those issues involved "compensability of an injury" under Wyo. Stat. Ann. § 27-14-602(d).

[¶24] Instead, the Division focuses on the issues involved in Case C-103 in support of its claim that an attorney fee award was not authorized. According to the Division, "This case, as litigated before the hearing examiner, only involved the employer's liability for case costs, and not the compensability of the claimant's injury. This case was brought to determine which source was responsible for the costs of the benefits paid." In making

10

that statement, the Division is clearly referring to Case C-103. The position espoused by the Division may be relevant to an attorney fee award in Case C-103, if one is ever made, but that issue is not before us. Here, the OAH made an attorney fee award in Case C-102. The OAH identified the pertinent issues in that case and the Division has not challenged that statement of issues. The Division has not attempted to establish that those issues do not involve the "compensability of an injury" and has not contested the amount of the attorney fee award. Accordingly, we must affirm the OAH attorney fee award.

### b. District Court Attorney Fee Award

[¶25] Before addressing the Division's challenge to the district court attorney fee award, we must first consider Horsley's claim that we lack jurisdiction to consider the issue because the Division failed to file a notice of appeal from the district court's order awarding attorney fees. Whether a court has jurisdiction to decide a particular matter is a question of law, which we review *de novo*. *Scott v. Board of Trustees*, 2015 WY 128, ¶ 7, 357 P.3d 1137, 1138 (Wyo. 2015).

[¶26] We have repeatedly held that a notice of appeal only perfects an appeal of the order(s) identified in the notice. *Evans v. Moyer*, 2012 WY 111, ¶ 18, 282 P.3d 1203, 1209 (Wyo. 2012). We addressed a similar jurisdictional issue, with respect to an order on costs, in *Nish v. Schaefer*, 2006 WY 85, 138 P.3d 1134 (Wyo. 2006). In that case, the appellant, Mr. Nish, was injured when the bicycle he was riding collided with a van driven by the appellee, Mr. Schaefer. *Id.*, ¶ 1, 138 P.3d at 1135. The district court entered judgment and awarded costs in favor of Mr. Schaefer. *Id.*, ¶ 22, 138 P.3d at 1142. Mr. Nish filed a notice of appeal from the judgment. Mr. Schaefer subsequently submitted a motion outlining the specific costs requested, which the district court granted. *Id.* Mr. Nish filed a second notice of appeal, challenging the district court's award of costs. Mr. Nish, however, did not file a brief in that appeal, and we dismissed the appeal for lack of prosecution. *Id.* We determined the appellant's failure to pursue his appeal from the district court's fee order deprived this Court of jurisdiction to consider the issue:

> Pursuant to W.R.C.P. 58(c), a district court retains jurisdiction to determine a request for costs after a final judgment has been entered on the merits of the case. *Andersen v. Hernandez*, 2005 WY 142, ¶ 18, 122 P.3d 950, 954 (Wyo. 2005). A pending motion for costs does not affect the finality of the judgment and does not stay the time for filing a notice of appeal from the judgment on the merits. W.R.A.P. 2.01, 2.02; *Andersen*, ¶ 16, 122 P.3d at [954]. W.R.A.P. 2.01 requires an appeal to be filed within thirty days from the entry of an appealable order, and W.R.A.P. 2.07 directs the appellant to identify the order appealed and

11

attach a copy of the order to the notice of appeal. The notice of appeal effects an appeal of the order identified in the notice. *See* W.R.A.P. 2.01, 2.07.

Our precedent reveals cases where we have considered, together, appeals from the judgment on the merits and a subsequent order on costs. *See, e.g., Winterholler v. Zolessi*, 989 P.2d 621 (Wyo. 1999); *Schaub v. Wilson*, 969 P.2d 552 (Wyo. 1998). However, those cases involved a consolidation, for consideration and decision, of the appeal on the merits with the appeal of the costs award. They did not involve a unilateral decision by the appellant to ignore the separate appeals. *In Centra, Inc. v. Chandler Ins. Co. Ltd*, 2000 U.S. App. LEXIS 22609, pp. 34-36 (10th Cir. 2000), the Tenth Circuit Court of Appeals recognized the importance of a separate appeal of an order on costs entered after the judgment on the merits. Pursuant to Fed. R. App. P. 4(a)(1)(A), which is similar to W.R.A.P. 2.01, the Tenth Circuit ruled that, even though the judgment on the merits referenced costs by directing the parties to file motions for "attorneys' fees and costs," a separate appeal from the district court's actual determination of the parties' requests for costs was required. The appellant's failure to file a separate notice of appeal from the trial court's order on costs deprived the court of appeals of jurisdiction over the matter. *Id.* Since Case No. 05-221 does not include an appeal from the district court's order on costs, issues pertaining to that order cannot be raised in this appeal. We, therefore, decline to consider Mr. Nish's claims of error regarding the award of costs.

*Nish*, ¶¶ 23-24, 138 P.3d at 1142-43. As noted above, the Division did not file a notice of appeal of the district court's order. That order was entered over a month after the Division filed its only notice of appeal. Consequently, in accordance with *Nish v. Schaefer*, we must conclude that the failure to file a notice of appeal from the district court's fee order deprives this Court of jurisdiction to consider the Division's challenge to the award of attorney's fees.

[¶27] Affirmed.

12