## IN THE SUPREME COURT, STATE OF WYOMING

### 2016 WY 105

*October Term, A.D. 2016*

**November 1, 2016**

| | |
|---|---|
| **BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR,** Petitioner, v. **ROBERT W. HIATT JR., WSB # 6-2951,** Respondent. | D-16-0008 |

### ORDER OF PUBLIC CENSURE

[¶1]   **This matter** came before the Court upon a "Report and Recommendation for Order of Public Censure," filed herein October 18, 2016, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure (stipulated discipline).  The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed, and adopted by the Court, and that Respondent Robert W. Hiatt, Jr. should be publicly censured for his conduct.  It is, therefore,

[¶2]   **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's "Report and Recommendation for Order of Public Censure," which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]   **ADJUDGED AND ORDERED** that Robert W. Hiatt, Jr. is hereby publicly censured for his conduct, which is described in the Report and Recommendation for Order of Public Censure.  The Wyoming State Bar may issue a press release consistent with the one set out in the Report and Recommendation for Order of Public Censure; and it is further

[¶4]    **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Mr. Hiatt shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $750.00.  Mr. Hiatt shall pay the total amount of $800.00 to the Wyoming State Bar on or before December 1, 2016; and it is further

[¶5]    **ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation for Order of Public Censure, as a matter coming regularly before this Court as a public record; and it is further

[¶6]    **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of Public Censure, along with the incorporated Report and Recommendation for Order of Public Censure, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶7]    **ORDERED** that the Clerk of this Court cause a copy of this Order of Public Censure to be served upon Respondent Robert W. Hiatt, Jr.

[¶8]    **DATED** this 1st day of November, 2016.

BY THE COURT:

/s/

**E. JAMES BURKE**
**Chief Justice**

IN THE SUPREME COURT
STATE OF WYOMING
FILED

OCT 1 8 2016

CAROL THOMPSON, CLERK

by DEPUTY

**BEFORE THE SUPREME COURT**
**STATE OF WYOMING**

*In the matter of*　　　　　　　　　　)
*ROBERT W. HIATT JR.,*　　　　　　)
*WSB # 6-2951,*　　　　　　　　　　)　　　*WSB No. 2016-035*
　　　　　　　　　　　　　　　　　　　)
　　*Respondent.*　　　　　　　　　　)

D-16-0008

**REPORT AND RECOMMENDATION**
**FOR ORDER OF PUBLIC CENSURE**

THIS MATTER came before the Board of Professional Responsibility on the 11th day of October, 2016, for consideration of the Stipulation for Public Censure submitted pursuant to Rules 9 and 12 of the Wyoming Rules of Disciplinary Procedure, and the Board having reviewed the Stipulation, the accompanying affidavit of factual basis and being fully advised in the premises, FINDS, CONCLUDES and RECOMMENDS as follows.

1.　　　　Respondent was admitted to practice in Wyoming in 1998, and maintains a law practice in Rock Springs, Wyoming.

2.　　　　This matter arises from a complaint which was submitted to Bar Counsel in February 2016 by Respondent's former client, James M. Snyder ("JMS"). JMS was first represented by Riverton lawyer, John Blomstrom, in a 2013 divorce action in Fremont County in which JMS's wife was (and continues to be) represented by Collin Hopkins of Riverton ("Hopkins"). A stipulated decree of divorce was entered in August 2013 and Blomstrom subsequently withdrew. Problems arose almost immediately with respect to JMS's visitation with the parties' minor son. JMS is an oilfield worker and spends much of his time out of state. On October 31, 2013, Hopkins filed a motion to suspend visitation on behalf of the mother.

3.     JMS hired Respondent in February 2014, signing a "Request for Contract for Legal Services" re: "modification of decree of divorce change in custody within the legal systems of the Ninth Judicial District Court, Fremont County, Wyoming." The document provided for a "non-refundable flat fee of $5,000.00."

4.     Respondent commenced efforts to earn the fee in early April 2014 when Respondent filed a Petition to Modify Decree of Divorce and related pleadings on behalf of JMS. In June 2014, Hopkins filed acceptance of service on behalf of the ex-wife. In July 2014, Hopkins filed an answer and counterclaim on behalf of the ex-wife; Respondent filed an answer to counterclaim on behalf of JMS.

5.     Nearly five months later, on December 24, 2014, Respondent filed a motion for appointment of a Guardian ad Litem (GAL) for the minor son, along with a request for status conference. A status conference was held on January 26, 2015. Judge Norman Young recommended the appointment of Riverton lawyer, Aaron Vincent, to serve as the minor child's GAL. However, Respondent failed to follow through on getting Vincent appointed as GAL.

6.     Between February 2014 and March 2015 there were numerous emails exchanged by JMS and Respondent regarding various subjects, with JMS becoming increasingly agitated as time dragged on with no apparent progress on the modification petition for which JMS hired Respondent and for which Respondent accepted a $5,000.00 "non-refundable flat fee."

7.     In April 2015, JMS hired Thermopolis lawyer, Hope Gebes, to represent him. Gebes wrote to Respondent requesting the file and a refund of the unearned portion of the $5,000 retainer. Respondent refused to release the file until JMS provided written notification of termination. On June 1, 2015, JMS sent an email to Respondent confirming termination and requested that the file be sent to Gebes.

8. On July 7, 2015, Respondent filed a motion to withdraw. Respondent's motion was granted two days later.

9. On July 13, 2015, Gebes wrote to Respondent, again requesting the file and a refund of the balance of the retainer. Respondent did not respond.

10. On August 4, 2015, JMS sent the following email to Respondent: "Mr. Hiatt this is James Snyder my new attorneys have repeatedly asked you for all my paperwork and the rest of my refund from the retainer I gave you in full, so now I'm asking you to send these things to my attorneys asap." Respondent did not respond.

11. Respondent has conditionally admitted to multiple violations of Rule 1.3 (diligence) and 1.4 (communication with client) of the Wyoming Rules of Professional Conduct. Respondent has also conditionally admitted to multiple violations of Rule 1.16(d) (termination of representation) in not responding to numerous requests from JMS and his new counsel following Respondent's discharge by JMS, and in not refunding the unearned portion of the $5,000.00 fee. As part of the stipulated resolution of this matter, Respondent has agreed to refund $3,000.00 to JMS.

## ABA Sanction Standards

12. Respondent's violations of Rules 1.3 and 1.4 call into play Standard 4.4, "Lack of Diligence," of the ABA Standards for Imposing Lawyer Sanctions. Standard 4.4 sets forth the following guidelines:

4.41 Disbarment is generally appropriate when:
 (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
 (b) a lawyer knowingly fails to perform services for a client and cause serious or potentially serious injury to a client; or
 (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.
4.42 Suspension is generally appropriate when:

3

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or

(b) a lawyer engages in a pattern of neglect with respect to client matters and causes injury or potential injury to a client.

4.43 Reprimand [i.e., "public censure" under Rule 9(a)(3) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

4.44 Admonition [i.e., "private reprimand" under Rule 9(a)(4) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client.

13.     Respondent's violation of Rule 1.16 implicates Standard 7.0, which provides:

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving false or misleading communication about the lawyer or the lawyer's services, improper communication of fields of practice, improper solicitation of professional employment from a prospective client, unreasonable or improper fees, unauthorized practice of law, improper withdrawal from misrepresentation, or failure to report professional misconduct.

7.1 Disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public or the legal system.

7.2 Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.

7.3 Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.

7.4. Admonition is generally appropriate when a lawyer engages in an isolated instance of negligence that is a violation of a duty owed as a professional, and causes little or no actual or potential injury to a client, the public, or the legal system.

14.     ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:

9.1     *Generally*
        After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.
9.2     *Aggravation*

9.21 *Definition.* Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.

9.22 *Factors which may be considered in aggravation.* Aggravating factors include:

(a) prior disciplinary offenses;

(b) dishonest or selfish motive;

(c) a pattern of misconduct;

(d) multiple offenses;

(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;

(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;

(g) refusal to acknowledge wrongful nature of conduct;

(h) vulnerability of the victim;

(i) substantial experience in the practice of law;

(j) indifference in making restitution; and

(k) illegal conduct, including that involving the use of controlled substances.

9.3 *Mitigation.*

9.31 *Definition.* Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.

9.32 *Factors which may be considered in mitigation.* Mitigating factors include:

(a) absence of a prior disciplinary record;

(b) absence of a dishonest or selfish motive;

(c) personal or emotional problems;

(d) timely good faith effort to make restitution or to rectify consequences of misconduct;

(e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;

(f) inexperience in the practice of law;

(g) character or reputation;

(h) physical disability;

(i) mental disability or chemical dependency including alcoholism or drug abuse when:

    (1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;

    (2) the chemical dependency or mental disability caused the misconduct;

    (3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and

    (4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.

(j) delay in disciplinary proceedings;

(k) imposition of other penalties or sanctions;

(l) remorse; and

(m) remoteness of prior offenses.

9.4    *Factors Which Are Neither Aggravating nor Mitigating.*

The following factors should not be considered as either aggravating nor mitigating:

(a) forced or compelled restitution;

(b) agreeing to the client's demand for certain improper behavior or result;

(c) withdrawal of complaint against the lawyer;

(d) resignation prior to completion of disciplinary proceedings;

(e) complainant's recommendation as to sanction; and

(f) failure of injured client to complain.

15.    In Respondent's case, aggravating factors include: (1) a pattern of misconduct; (2) multiple offenses; and (3) substantial experience in the practice of law. However, there are significant mitigating factors, including: (1) absence of a prior disciplinary record and (2) refund of a substantial portion of the fee to the client.

16.    Respondent and Bar Counsel agree and stipulate that a public censure is an appropriate sanction for Respondent's misconduct, and the Board finds that a public censure is appropriate under the foregoing facts. In the event that the Court issues an Order of Public Censure in accordance herewith, Bar Counsel and Respondent have agreed to the following press release:

> The Wyoming Supreme Court issued an order of public censure of Rock Springs attorney Robert W. Hiatt Jr. The disciplinary order resulted from Hiatt's representation of a client in a child custody and visitation modification matter. The client paid a $5,000.00 flat fee at the outset. Hiatt neglected to pursue the matter diligently and failed to maintain adequate communication with his client, who ultimately terminated Hiatt's representation and retained other counsel. After the client discharged Hiatt, Hiatt failed to return the unearned portion of the fee and failed to cooperate with the client and his new counsel in transferring the file. Hiatt agreed that he committed multiple violations of Rule 1.3 (diligence) and Rule 1.4 (communication with client). He also agreed that he violated Rule 1.16 (termination of representation) in failing return the unearned portion of the fee and in failing to cooperate with the transfer of the file to replacement counsel. Hiatt agreed to return $3,000.00, representing the unearned portion of the fee, to the client. Hiatt stipulated to a public censure in the matter, which was approved by the Board of Professional Responsibility and submitted to the Court. In addi-

6

tion to receiving a public censure, Hiatt was ordered to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

For the foregoing reasons, the Board of Professional Responsibility recommends that the Court issue an Order of Public Censure in accordance with the terms of this report and recommendation.

DATED this ___12___ day of October, 2016.

Judith A.W. Studer, Chair
Board of Professional Responsibility
Wyoming State Bar