2017 WY 152

Gretchen HOWARD, Petitioner,

v.

ASPEN WAY ENTERPRISES, INC., d/b/a Aaron's Sales and Leasing, a franchise of Aaron's, Inc., Respondent.

Audrey Kinion, Petitioner,

v.

Aspen Way Enterprises, Inc., d/b/a Aaron's Sales and Leasing, a franchise of Aaron's, Inc., Respondent.

Steve Winn, Petitioner,

v.

Aspen Way Enterprises, Inc., d/b/a Aaron's Sales and Leasing, a franchise of Aaron's, Inc., Respondent.

S-17-0072
S-17-0073
S-17-0074

Supreme Court of Wyoming.

December 19, 2017

Representing Appellant: John H. Robinson of Jamieson & Robinson, LLC, Casper, WY; R. Daniel Fleck of The Spence Law Firm, LLC, Jackson, WY; and John P. LaBuda of LaBuda Law Office, PC, Pinedale, WY. Argument by Messrs. Robinson and LaBuda.

Representing Appellee: Adam Warren and Adam J. Tunning of Moulton Bellingham PC, Billings, MT; and Jeff S. Meyer of Murane & Bostwick, LLC, Casper, WY. Argument by Mr. Warren.

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

HILL, Justice.

[¶1] Gretchen Howard, Audrey Kinion, and Steve Winn (Plaintiffs) individually filed separate claims in circuit court asserting invasion of privacy claims against Aspen Way Enterprises, Inc. (Aspen Way). The circuit court concluded that Wyoming does not recognize a cause of action for Plaintiffs' privacy claims and granted Aspen Way summary judgment on those claims. Plaintiffs appealed, and the district court affirmed on the same basis. We granted the Plaintiffs' petitions for writ of review, consolidated their petitions, and now reverse and remand for proceedings consistent with this opinion.

## ISSUES

[¶2] Plaintiffs present three issues on appeal, which they state as follows:

1. Whether Wyoming recognizes the tort of invasion of privacy.

2. If so, whether Wyoming recognizes the elements of the tort of invasion of privacy/intrusion upon seclusion as set forth in Restatement (Second) of Torts § 652B (1977).

3. Whether genuine issues of material fact preclude entry of summary judgment.

## FACTS

[¶3] Aspen Way owns a rent-to-own franchise in Casper, Wyoming, operating under the name Aaron's Sales and Leasing. Plaintiffs each leased a computer from Aspen Way pursuant to lease-purchase agreements, and in May 2015, Plaintiffs individually filed separate complaints against Aspen Way related to those agreements. The complaints each generally alleged that Aspen Way installed software on Plaintiffs' leased computers, without Plaintiffs' knowledge, that enabled Aspen Way to track the leased computers' locations, remotely activate the computers' webcams, and capture screen shots and key strokes.[1] Based on these allegations, Plaintiffs asserted that claims for invasion of privacy/intrusion upon seclusion and breach of the covenant of good faith and fair dealing.

---

1. Each complaint alleged variations on these general allegations. Because the specific allegations in each complaint do not affect our resolution of this appeal, we do not separately detail each complaint's specific allegations.

[¶4] Plaintiffs filed their separate complaints in the circuit court for Natrona County. Aspen Way answered each complaint and subsequently filed motions for summary judgment on each complaint. As grounds for summary judgment, Aspen Way asserted Wyoming does not recognize a cause of action for Plaintiffs' privacy claims and that even if Wyoming did recognize such a claim, no genuine issue of material fact exists with respect to either Plaintiffs' privacy claims or their claims for breach of the covenant of good faith and fair dealing. Plaintiffs responded with their oppositions.

[¶5] On May 11, 2016, the circuit court issued orders in the three cases seeking certification of questions of law to the district court, including the question of whether Wyoming recognizes a cause of action for Plaintiffs' privacy claims.[2] The district court rejected the certified questions in each case, and the circuit court then ruled on Aspen Way's summary judgment motions, granting them in part and denying them in part. With respect to Plaintiffs' privacy claims, the court ruled such claims were not recognized in Wyoming and granted Aspen Way summary judgment. With respect to the claims for breach of the covenant of good faith and fair dealing, the court found genuine issues of material fact and denied summary judgment on those claims. As to the privacy claims, the court ruled its judgment was final and appealable.

[¶6] Plaintiffs filed timely notices of appeal to the district court in each case. On February 23, 2017, the district court issued orders affirming the circuit court orders. In so ruling, the court observed:

> * * * [A]t this time, there is simply not the historical and judicial context to declare that Wyoming definitively recognizes the tort of invasion of privacy/intrusion upon seclusion. In the absence of a clear indication that Wyoming would recognize such a claim, this Court will not presume upon the functions of the Wyoming Supreme Court with regard to the proper

development of the common law in Wyoming.

[¶7] On March 10, 2017, Plaintiffs filed petitions for writ of review in each case, and on April 4, 2017, this Court issued orders granting the petitions and consolidating the cases for appeal.

## STANDARD OF REVIEW

[¶8] We review the circuit court's entry of summary judgment *de novo*, meaning we consider the same materials and apply the same standards as the circuit court. *Elec. Wholesale Supply Co., Inc. v. Fraser*, 2015 WY 105, ¶ 13, 356 P.3d 254, 258 (Wyo. 2015). "We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences which may fairly be drawn from the record." *Id.* (quoting *Baker v. Speaks*, 2014 WY 117, ¶ 9, 334 P.3d 1215, 1219 (Wyo. 2014)). The question of whether a cause of action is or will be recognized in Wyoming is a question of law we review *de novo*. *Townsend v. Living Centers Rocky Mountain, Inc.*, 947 P.2d 1297, 1298 (Wyo. 1997).

## DISCUSSION

[¶9] Plaintiffs ask this Court to recognize a common law cause of action for the invasion of privacy tort defined by the Restatement (Second) of Torts (1977) as intrusion upon seclusion. Aspen Way argues against recognizing a common law cause of action for Plaintiffs' privacy claims, contending that if such a cause of action is to be recognized in Wyoming, it should be created and defined by legislative action. We agree with Plaintiffs that the Restatement cause of action for intrusion upon seclusion is consistent with the value our state places on privacy, and we therefore recognize the tort as part of Wyoming's common law.

---

2. W.R.A.P. 11.01 provides that:
   a district court may answer questions of law certified to it by a circuit court, municipal court or an administrative agency, if there is involved in any proceeding before the certifying court or agency a question of law which

may be determinative of the cause then pending in the certifying court or agency and concerning which it appears there is no controlling precedent in the decisions of the supreme court.

W.R.A.P. 11.01 (LexisNexis 2017).

## A. Intrusion upon Seclusion as Defined by Restatement (Second) of Torts

[¶10] The Restatement (Second) of Torts generally defines liability for an invasion of privacy as follows:

(1) One who invades the right of privacy of another is subject to liability for the resulting harm to the interests of the other.

(2) The right of privacy is invaded by

(a) unreasonable intrusion upon the seclusion of another, as stated in § 652B; or

(b) appropriation of the other's name or likeness, as stated in § 652C; or

(c) unreasonable publicity given to the other's private life, as stated in § 652D; or

(d) publicity that unreasonably places the other in a false light before the public, as stated in § 652E.

Restatement (Second) of Torts § 652A (1977).

[¶11] The strand of the privacy tort Plaintiffs assert, and the one they ask this Court to recognize, is intrusion upon seclusion, which the Restatement defines as follows:

One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

Restatement (Second) of Torts § 652B (1977).

[¶12] The comments to the section 652B explain the tort's parameters and the showing required to establish its elements.

*a.* The form of invasion of privacy covered by this Section does not depend upon any publicity given to the person whose interest is invaded or to his affairs. It consists solely of an intentional interference with his interest in solitude or seclusion, either as to his person or as to his private affairs or concerns, of a kind that would be highly offensive to a reasonable man.

*b.* The invasion may be by physical intrusion into a place in which the plaintiff has secluded himself, as when the defendant forces his way into the plaintiff's room in a hotel or insists over the plaintiff's objection in entering his home. It may also be by the use of the defendant's senses, with or without mechanical aids, to oversee or overhear the plaintiff's private affairs, as by looking into his upstairs windows with binoculars or tapping his telephone wires. It may be by some other form of investigation or examination into his private concerns, as by opening his private and personal mail, searching his safe or his wallet, examining his private bank account, or compelling him by a forged court order to permit an inspection of his personal documents. The intrusion itself makes the defendant subject to liability, even though there is no publication or other use of any kind of the photograph or information outlined.

*c.* The defendant is subject to liability under the rule stated in this Section only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs. Thus there is no liability for the examination of a public record concerning the plaintiff, or of documents that the plaintiff is required to keep and make available for public inspection. Nor is there liability for observing him or even taking his photograph while he is walking on the public highway, since he is not then in seclusion, and his appearance is public and open to the public eye. Even in a public place, however, there may be some matters about the plaintiff, such as his underwear or lack of it, that are not exhibited to the public gaze; and there may still be invasion of privacy when there is intrusion upon these matters.

*d.* There is likewise no liability unless the interference with the plaintiff's seclusion is a substantial one, of a kind that would be highly offensive to the ordinary reasonable man, as the result of conduct to which the reasonable man would strongly object. Thus there is no liability for knocking at the plaintiff's door, or calling him to the telephone on one occasion or even two or three, to demand payment of a debt. It is only when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial

burden to his existence, that his privacy is invaded.

Restatement (Second) of Torts § 652B (1977) (illustrations omitted),

[¶13] As to damages for invasion of privacy, the Restatement provides:

One who has established a cause of action for invasion of his privacy is entitled to recover damages for

(a) the harm to his interest in privacy resulting from the invasion;

(b) his mental distress proved to have been suffered if it is of a kind that normally results from such an invasion; and

(c) special damage of which the invasion is a legal cause.

Restatement (Second) of Torts § 652H (1977).

## B. Recognition of Claim in Other Jurisdictions

[¶14] A recent survey of the intrusion upon seclusion claim's recognition in other jurisdictions shows majority support for the Restatement approach to the claim.

This section provides a survey of the recognition of intrusion upon seclusion in the fifty states, whether it is recognized under common law or statute, and whether the jurisdiction follows the Restatement (Second) of Tort's formulation or deviates from the definition of intrusion in section 652B. Currently, the vast majority of states recognize the intrusion strand of invasion of privacy either under common law or by statute. The following states recognize intrusion upon seclusion under common law and follow the Restatement's formulation, either explicitly adopting it or closely mirroring the Restatement's definition and description of the cause of action: Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Minnesota, Mississippi, Missouri, Nevada, New Hampshire, New Jersey, New Mexico, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Tennessee, Texas, Utah, Vermont, Washington, and West Virginia.

Decisions from several other jurisdictions indicate that intrusion is recognized under common law, but these states have not adopted or have not followed the Restatement's formulation. These states are Florida, Indiana, Michigan, Montana, and South Carolina.

Several other states recognize intrusion by statute: Massachusetts, Nebraska, Rhode Island, and Wisconsin. Utah, while recognizing intrusion under common law, also has a criminal statute that is of particular interest to this Note. Utah's statute provides that an individual is guilty of a privacy violation if he "[i]nstalls in any private place, without the consent of the person or persons entitled to privacy there, any device for observing, photographing, recording, amplifying, or broadcasting sounds or events in the place or uses any such unauthorized installation." Michigan has a similar statute.

Two states explicitly have refused to recognize intrusion; these states are New York and Virginia, both of which limit recovery for invasion of privacy claims by statute and only recognize a cause of action for misappropriation of one's name, picture, or portrait for commercial purposes without consent.

Finally, two states do not appear to have decided if they will recognize intrusion claims: North Dakota and Wyoming.

Eli A. Meltz, Note, *No Harm, No Foul? "Attempted" Invasion of Privacy and the Tort of Intrusion Upon Seclusion*, 83 Fordham L. Rev. 3431, 3440-43 (2015) (footnotes omitted).

[¶15] In adopting the Restatement approach to invasion of privacy, rather than deferring to legislative enactment, one court explained:

"Although there was no distinctive tort of invasion of privacy in early common law, it has evolved in most jurisdictions based on common law principles sometimes compared to trespass. It is unnecessary for the Legislature to enact a law to create this tort in abrogation of the common law. The common law ... refers not only to the ancient unwritten law of England, but also to that body of law created and preserved by decisions of courts. The common law is not static, but is a dynamic and growing thing and its rules arise from the applica-

tion of reason to the changing conditions of society." *McCormack v. Oklahoma Publishing Co.*, 613 P.2d 737, 740 (Okl.1980). Indeed, as the United States Supreme Court noted in *Hurtado v. California*, 110 U.S. 516, 530, 4 S.Ct. 111, 118, 28 L.Ed. 232 (1884), "[t]his flexibility and capacity for growth and adaptation is the peculiar boast and excellence of the common law," and this reasoning has been followed by a number of courts that have recognized the privacy right of action. *See, e.g., Birnbaum v. United States*, 436 F.Supp. 967, 978 (E.D.N.Y.1977), aff'd in part, rev'd in part, 588 F.2d 319, 325 (2d Cir. 1978).

*Goodrich v. Waterbury Republican-American, Inc.*, 188 Conn. 107, 448 A.2d 1317, 1328-29 (1982).

[¶16] We turn then to the question of whether this Court should likewise join the majority recognition of the intrusion upon seclusion tort.

### C. Wyoming Common Law

[¶17] The Wyoming legislature long ago adopted the common law, making it "the rule of decision in this state when not inconsistent with the laws thereof," and "of full force until repealed by legislative authority." Wyo. Stat. Ann. § 8-1-101 (LexisNexis 2017). The determination we must therefore make is not whether this Court should "adopt" the tort of intrusion upon seclusion, but rather whether the tort has been repealed by statute or is otherwise inconsistent with Wyoming law— that is, whether the tort is part of Wyoming's common law. *See Briefing.com v. Jones*, 2006 WY 16, ¶ 12, 126 P.3d 928 (Wyo. 2006) (noting that the question is not whether to adopt a common law tort but is instead whether the tort exists as part of Wyoming's common law).

[¶18] The legislature has not repealed any of the common law privacy torts, and Aspen Way does not contend otherwise. The question then is whether the intrusion upon seclusion tort, and the protection it provides an injured party, is consistent with Wyoming law. We conclude that it is.

[¶19] In considering whether to recognize a cause of action as part of Wyoming's common law, we have said:

[T]he common law is "applicable" within the intent of the adopting statute [Wyo. Stat. Ann. 8-1-101] if it is "applicable to the habits and condition of our society, and in harmony with the genius, spirit and objects of our institutions." *Crawford v. Barber*, 385 P.2d 655, 657 (Wyo.1963) (quoting *Fuchs v. Goe*, 62 Wyo. 134, 163 P.2d 783, 792 (1945)). The principles of the common law adopted for this State are only those "adapted to our circumstances, state of society, and form of government." *Fuchs*, 163 P.2d at 792 (emphasis in original).

*Briefing.com*, ¶ 13, 126 P.3d at 935.

[¶20] In keeping with this approach, we have also expressed our willingness to reject common law principles not in keeping with our circumstances.

We have not hesitated to overrule cases that were based on what was perceived to be the common law at the time the decisions were handed down. *McClellan v. Tottenhoff*, 666 P.2d 408 (Wyo.1983); and *Collins v. Memorial Hospital of Sheridan County*, 521 P.2d 1339 (Wyo.1974). We are justified in overruling prior cases grounded on the common law if they stand for an unfair and improper rule or have outlived their usefulness, and do not meet changing needs.

*Nulle v. Gillette-Campbell Cty. Joint Powers Fire Bd.*, 797 P.2d 1171, 1173 (Wyo. 1990) (quoting *Weaver v. Mitchell*, 715 P.2d 1361, 1368 (Wyo. 1986)).

[¶21] When the common law cause of action we are considering is a tort, we begin with our understanding that a tort is a "civil wrong * * *; a breach of a duty that the law imposes on persons who stand in a particular relation to one another." *Black's Law Dictionary* 1717 (10th ed. 2014); *see also Garner v. Hickman*, 709 P.2d 407, 413 (Wyo. 1985) ("Generally speaking, and without attempting an all-inclusive definition, a tort has a meaning similar to wrong and is an unlawful act injurious to another, independent of contract."). In determining whether a tort should be recognized as part of the Wyoming common law, we must therefore consider the duty imposed by the tort, which we have defined as follows:

The statement that there is or is not a duty begs the essential question—whether the plaintiff's interests are entitled to legal protection against the defendant's conduct. * * * '[D]uty' is not sacrosanct in itself, but is only an expression of the sum total of those considerations of policy which lead the law to say that the plaintiff is entitled to protection.

*Gates v. Richardson,* 719 P.2d 193, 196 (Wyo. 1986) (quoting W. Keeton, Prosser and Keeton on Torts § 54 at 357-58 (1984)).[3]

[¶22] Turning to considerations of policy, Wyoming's commitment to individual privacy interests is well established. In 1936, this Court observed that "[t]he home is a favorite of the law. It is there that the citizen can claim the right of privacy, the right to be let alone, on clear grounds." *Town of Green River v. Bunger,* 50 Wyo. 52, 58 P.2d 456, 460 (1936). We later affirmed this commitment, stating that "we regard highly the federal constitutional guarantees to privacy as well as the right to privacy in Wyoming." *Employment Sec. Com'n of Wyo. v. Western Gas Processors, Ltd.,* 786 P.2d 866, 872 (Wyo. 1990) (footnotes omitted).

■ [¶23] We also understand, however, that constitutional protections limit government rather than private intrusions. *Western Gas,* 786 P.2d at 872, n.10 (quoting *Olmstead v. United States,* 277 U.S. 438, 478, 48 S.Ct. 564, 572, 72 L.Ed. 944, 956 (1928) (Brandeis, J., dissenting)) (emphasis altered) ("[The constitutional framers] conferred, *as against the government,* the right to be left alone—the

most comprehensive of rights and the right most valued by civilized men."). The United States Supreme Court has explained:

[T]he Fourth Amendment cannot be translated into a general constitutional 'right to privacy.' That Amendment protects individual privacy against certain kinds of governmental intrusion, but its protections go further, and often have nothing to do with privacy at all. Other provisions of the Constitution protect personal privacy from other forms of governmental invasion. *But the protection of a person's general right to privacy—his right to be let alone by other people—is, like the protection of his property and of his very life, left largely to the law of the individual States.*

*Katz v. United States,* 389 U.S. 347, 350-51, 88 S.Ct. 507, 510-11, 19 L.Ed.2d 576 (1967) (footnotes omitted) (emphasis added).

[¶24] The Wyoming legislature has recognized the need to protect its citizens' privacy interests and has acted on this need. *See, e.g.,* Wyo. Stat. Ann. § 16-4-203(d)(xi) (LexisNexis 2017) (exempting from public disclosure records "the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"); Wyo. Stat. Ann. § 6-4-304(a) (LexisNexis 2017) (criminalizing the act of "looking in a clandestine, surreptitious, prying or secretive nature into an enclosed area where the person being viewed has a reasonable expectation of privacy"); Wyo. Stat. Ann. 6-6-103(b)(i) (LexisNexis 2017) (criminalizing the making of repeated, anonymous tele-

---

**3.** Aspen Way asks this Court to consider the policy factors outlined in *Gates* to determine whether the duty imposed by the intrusion upon seclusion tort should be recognized as part of Wyoming's common law. Those factors are: (1) the foreseeability of harm to the plaintiff, (2) the closeness of the connection between the defendant's conduct and the injury suffered, (3) the degree of certainty that the plaintiff suffered injury, (4) the moral blame attached to the defendant's conduct, (5) the policy of preventing future harm, (6) the extent of the burden upon the defendant, (7) the consequences to the community and the court system, and (8) the availability, cost and prevalence of insurance for the risk involved. *Gates,* 719 P.2d at 196 (quoting *Tarasoff v. Regents of University of California,* 17 Cal.3d 425, 131 Cal.Rptr. 14, 551 P.2d 334, 342, 83 A.L.R.3d 1166 (1976)).

*Gates,* however, addressed the question of whether a duty should be recognized in a negligence context not in the context of an intentional tort such as the one at issue here—and the factors were themselves drawn from *Tarasoff,* another negligence case. Aspen Way has not cited any authority or otherwise persuaded us that these factors should apply in the case of an intentional tort, and we will therefore limit our inquiry to policy considerations and whether those policy considerations lead us to conclude that an injured party should be entitled to the protection they would be afforded were we to recognize the tort of intrusion upon seclusion. *See Briefing.com,* ¶¶ 10-15, 126 P.3d at 934-36 (recognizing common law trade secret misappropriation tort based on its consistency with Wyoming law and policy).

phone calls that disturb the privacy of persons where the calls were received); Wyo. Stat. Ann. 6-3-504(a)(i) (LexisNexis 2017) (criminalizing act of knowingly and without authorization accessing a computer, computer system, or computer network); Wyo. Stat. Ann. § 21-17-124(b) (LexisNexis 2017) (recognizing university students' expectation of privacy in electronic writings and communications); Wyo. Stat. Ann. § 21-18-318(b) (LexisNexis 2017) (recognizing community college students' expectation of privacy in electronic writings and communications).

[¶25] Given our state's policy favoring privacy interests and the legislative enactments protecting those interests, we find the tort of intrusion upon seclusion to be well adapted to our circumstances and state of society. It is therefore appropriate to recognize the tort as part of Wyoming's common law. *See Briefing.com*, ¶ 13, 126 P.3d at 935.

[¶26] We also agree with Plaintiffs that the Restatement version of the tort is the approach best suited to our common law. First, we have relied on the Restatement on numerous occasions to develop our common law. *See, e.g., Briefing.com*, ¶ 15, 126 P.3d at 936 (using Restatement formulation of trademark infringement tort); *Birt v. Wells Fargo Home Mortg., Inc.*, 2003 WY 102, ¶ 47, 75 P.3d 640, 657-58 (Wyo. 2003) (using Restatement to define tort of negligent misrepresentation); *Baker v. Pena*, 2001 WY 122, ¶ 1, 36 P.3d 602, 604 (Wyo. 2001) (using Restatement to define exception to landlord immunity from liability); *Wilder v. Cody Country Chamber of Commerce*, 868 P.2d 211, 225 (Wyo. 1994) (using Restatement to define intentional infliction of emotional distress tort). Additionally, the Restatement formulation of the tort is longstanding, represents the majority rule, and provides an established body of precedent to guide its

application. We therefore recognize the tort of intrusion upon seclusion as defined by the Restatement (Second) of Torts, § 652B, with damages as defined by the Restatement (Second) of Torts, § 652H.[4]

### D. Application of Restatement to Present Case

[¶27] The circuit court granted summary judgment to Aspen Way without determining whether there existed any genuine issues of material fact with respect to Plaintiffs' privacy claims. We addressed a similar circumstance in *Baker*, where we reversed a district court's entry of summary judgment on the basis of our decision to recognize a Restatement-defined exception to landlord immunity from liability. We said:

> As an appellate court, we are not fact finders in the first instance. The district court's grant of summary judgment did not determine whether a genuine issue of material fact exists as to whether, viewed in the light most favorable to the tenant, the landlord's repair made the land more dangerous for use or gave the deck a deceptive appearance of safety. We therefore reverse the district court's grant of summary judgment and remand the case for such further proceedings as are appropriate and consistent with this decision.

*Baker*, ¶ 16, 36 P.3d at 608.

[¶28] This Court has also long held that it will not issue advisory opinions. *State v. Beazer*, 2016 WY 111, ¶ 18, 384 P.3d 267, 273, n.7 (Wyo. 2016); *Cranston v. Thomson*, 530 P.2d 726, 728-29 (Wyo. 1975). We have explained that "binding legal determinations made in the abstract and decisions rendered without concrete factual background would be imprecise, subject to speculation, and

4. Aspen Way contends that we should defer to the legislature to create a privacy cause of action because "this Court has had ample opportunity to explicitly adopt a common law cause of action for the invasion of privacy, and has failed to do so[.]" Aspen Way does not, however, cite to any case in which this Court has been asked to consider a common law privacy tort. Nor does it otherwise offer any policy reason the cause of action would be better created by statute rather than recognized as our common law. We therefore reject Aspen Way's argument and agree instead with the observation of the Connecticut Supreme Court:

> Although there was no distinctive tort of invasion of privacy in early common law, it has evolved in most jurisdictions based on common law principles sometimes compared to trespass. It is unnecessary for the Legislature to enact a law to create this tort in abrogation of the common law.

*Goodrich*, 448 A.2d at 1328 (quoting *McCormack v. Oklahoma Publishing Co.*, 613 P.2d 737 at 740 (Okla. 1980)).

would create rather than diminish future controversies." *Cranston*, 530 P.2d at 729.

[¶29] There have been no factual findings in this case with regard to either the elements of the intrusion upon seclusion tort or Plaintiffs' claimed damages. Without the context provided by the required factual findings, any determination we might make concerning application of the Restatement provisions to this case would be at risk of being imprecise and speculative. It is thus premature for this Court to make any determinations concerning application of the Restatement provisions to Plaintiffs' claims, and we agree with Plaintiffs that the proper course is to remand to the circuit court for further proceedings consistent with this opinion.

## CONCLUSION

[¶30] This Court recognizes the tort of intrusion upon seclusion as defined by the Restatement (Second) of Torts, § 652B (1977). We therefore reverse and remand for proceedings consistent with this opinion.